DOLORATA RIVETTA, PLAINTIFF-RESPONDENT, v. BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, AND THE CITY OF NEW YORK INSUR-ANCE COMPANY, DEFENDANTS-APPELLANTS.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiff-respondent, *Herman Russomanno* (*Herbert A. Kuvin,* on the brief and of counsel).

For the defendants-appellants, *Arthur T. Vanderbilt* (*G. Dixon Speakman,* on the brief).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment recovered by the plaintiff in the Supreme Court, Union

County Circuit. The suit was for damages which resulted from the destruction by fire of a two-story frame dwelling and garage, the defendant insurance companies having issued policies of fire insurance to the plaintiff covering the premises.

It is argued that the trial court fell into error by refusing to direct a verdict in favor of the defendants. The motion for a directed verdict was advanced on the ground that at the time of the fire the premises were unoccupied. While, generally, contracts of insurance contemplate occupancy of the insured premises, none the less they also contemplate non-occupancy and periods of vacancy. In the policy sold to this plaintiff by the Bankers and Shippers Insurance Company, under the "privilege" clause, we find this provision: Premises "to remain unoccupied as occasion may require, to remain vacant not exceeding six consecutive months at any one time in any one year, * * *."

In the other policy which the plaintiff purchased from the City of New York Insurance Company, under the "permission" clause, we find this language: that the premises may "remain vacant during any change of tenants, or while awaiting a tenant, not exceeding six consecutive months at any one time and unoccupied without limit of time, * * *."

The property in question was acquired by the plaintiff by foreclosure. The tenancy of those occupying the premises was terminated. They moved out on January 8th, 1931. One policy of insurance was purchased on December 2d, 1930, and the other on January 23d, 1931. The fire occurred on April 29th, 1931. The premises were vacant, awaiting tenants. The former tenants, it appears, were coming back, at or about the time of the fire, to occupy the house. There was testimony that some of the household goods of one of the former tenants had already been moved into the premises.

It is difficult to understand how it can be seriously argued, in the light of the quoted language from each contract, that there was a breach of warranty. Each policy particularly provided that the premises might remain vacant for a period not exceeding six months. The premises in question were not vacant for a time exceeding that limitation.

222

We perceive no legal merit in the appellants' argument. The action of the trial court in rejecting motion to direct verdict for the defendants was proper.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.